**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

CITIZENS FOR BETTER FORESTRY;
THE ECOLOGY CENTER; GIFFORD
PINCHOT TASK FORCE; KETTLE
RANGE CONSERVATION GROUP;
IDAHO SPORTING CONGRESS; FRIENDS
OF THE CLEARWATER; UTAH
ENVIRONMENTAL CONGRESS;
CASCADIA WILDLANDS PROJECT;
KLAMATH SISKIYOU WILDLANDS
CENTER; SOUTHERN APPALACHIAN
BIODIVERSITY PROJECT;
HEADWATERS; THE LANDS COUNCIL,
　　　　　　*Plaintiffs-Appellees,*

　　　　　　v.

U.S. DEPARTMENT OF AGRICULTURE;
UNITED STATES FOREST SERVICE,
　　　　　　*Defendants-Appellants.*

No. 07-16077

D.C. No.
CV-01-00728-MJJ

OPINION

Appeal from the United States District Court
for the Northern District of California
Martin J. Jenkins, District Judge, Presiding

Argued and Submitted
October 22, 2008—San Francisco, California

Filed June 9, 2009

Before: Procter Hug, Jr., Melvin Brunetti and
Richard R. Clifton, Circuit Judges.

Opinion by Judge Clifton;
Dissent by Judge Hug

6841

## COUNSEL

Ronald J. Tenpas, Assistant Attorney General; Andrew A. Smith, Andrew C. Mergen, and Robert J. Lundman (argued), United States Department of Justice, Washington, DC, for the defendants-appellants.

Peter M.K. Frost, Western Environmental Law Center, Eugene, Oregon, for the plaintiffs-appellees.

**OPINION**

CLIFTON, Circuit Judge:

The United States Department of Agriculture ("USDA"), which includes the Forest Service, appeals the district court's award of attorneys' fees to Citizens for Better Forestry and eleven other environmental groups (collectively, "Citizens") under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). In the underlying action, Citizens sought declaratory and injunctive relief against the USDA for its promulgation of a new national forest management rule. We reversed the district court's dismissal of Citizens' suit on standing and ripeness grounds and remanded for a ruling on Citizens' motion for injunctive relief. Before the district court could reconsider the motion, the USDA withdrew the contested rule. Citizens then stipulated to dismiss its case and moved for attorneys' fees. Because Citizens received no relief from any court, it does not qualify as a "prevailing party" under the EAJA and, therefore, is not entitled to fees.

## I. Background

On February 16, 2001, Citizens brought suit in the Northern District of California, alleging that the USDA had committed procedural violations of the National Environmental Policy Act ("NEPA") and the Endangered Species Act ("ESA") and substantive violations of the National Forest Management Act in promulgating a new rule (the "2000 Final Rule") governing the Forest Service's administration and management of National Forest System lands. Citizens sought declaratory and injunctive relief. After Citizens filed suit, the USDA reviewed the 2000 Final Rule and announced in December 2001 that a new rule would replace it. Citizens agreed, in turn, to stay its substantive claims, but moved for partial summary judgment on its procedural claims. The USDA filed a cross-motion for partial summary judgment, alleging that Citizens lacked standing to challenge the 2000

Final Rule and that its claims were not ripe for adjudication. The district court granted the USDA's motion on both grounds and denied Citizens' motions for partial summary judgment and injunctive relief. Citizens brought an immediate appeal of the district court's denial of its motion for injunctive relief.

This court reversed, holding that Citizens had standing to assert the NEPA and ESA claims and that the case was ripe for review. *Citizens for Better Forestry v. U.S. Dep't of Agriculture*, 341 F.3d 961, 965 (9th Cir. 2003). In our standing analysis, we held that the USDA had violated NEPA by depriving Citizens of its right to comment on the relevant environmental documents. *Id.* at 970. The opinion concluded: "We do not reach the merits of Citizens' appeal on their motion for injunctive relief, however, because the district court did not reach the merits of the motion." *Id.* at 978. Ultimately, we reversed and remanded the case to the district court "to determine whether injunctive relief is appropriate." *Id.* at 965.

After we issued our decision, the USDA withdrew the 2000 Final Rule and issued a new final rule. Citizens then dismissed its case and moved for attorneys' fees and costs pursuant to the ESA and the EAJA. A magistrate judge issued a Report and Recommendation concluding that Citizens' motion should be granted under the EAJA, but denied under the ESA. After the USDA objected, the district court reviewed the record *de novo* and issued an order adopting the Report and Recommendation without change. *Citizens for Better v. U.S. Dep't of Agriculture*, 497 F. Supp. 2d 1062, 1065 (N.D. Cal 2007). The district court awarded attorneys' fees to Citizens under the EAJA because it held that Citizens was a "prevailing party" on its NEPA claim, as required for an award of fees. *Id.* at 1072. The court reasoned: "Given the dispositive and binding nature of the Ninth Circuit's finding, leaving no discretion to the District Court, the panel's ruling was functionally equivalent to a declaratory judgment," a

form of relief sufficient to confer prevailing party status under the EAJA. *Id.* at 1073. The USDA timely filed a notice of appeal.

## II.   Discussion

The USDA argues that the district court incorrectly held that Citizens was a prevailing party in its lawsuit against the USDA and, as a result, erred in awarding Citizens attorneys' fees under the EAJA. The USDA contends that Citizens cannot be a prevailing party because the latter "did not secure any relief" from either the district court or this court. Citizens responds by disputing the USDA's assertion that we did not afford declaratory relief to Citizens; it argues that this court went beyond a mere jurisdictional ruling to reach the merits of Citizens' NEPA claim. Our favorable ruling on the merits in conjunction with a remand with instructions to the district court indicate, Citizens contends, that it was a prevailing party under the EAJA.

We review for abuse of discretion the district court's decision to award fees under the EAJA. *United States v. 2659 Roundhill Dr.*, 283 F.3d 1146, 1151 n.6 (9th Cir. 2002). The decision as to whether a party has prevailed is a finding of fact "that will be set aside if clearly erroneous or if based on an incorrect legal standard." *Oregon Environmental Council v. Kunzman*, 817 F.2d 484, 496 (9th Cir. 1987). We review *de novo* the legal analysis underlying the district court's finding that Citizens was a prevailing party. *See V.S.* ex rel. *A.O. v. Los Gatos-Saratoga Joint Union High Sch. Dist.*, 484 F.3d 1230, 1232 (9th Cir. 2007).

**[1]** The EAJA directs courts to award attorneys' fees to "a prevailing party" in qualifying civil actions against the United States. 28 U.S.C. § 2412 (d)(1)(A).[1] In *Buckhannon Board &*

---

[1]The statute reads in relevant part:

*Care Home, Inc. v. West Virginia Department of Health & Human Resources*, the Supreme Court looked to Black's Law Dictionary to define "prevailing party" as "[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded." 532 U.S. 598, 603 (2001) (alteration in original) (quoting Black's Law Dictionary 1145 (7th ed. 1999)).[2] Of particular relevance to the present case is the definition of "render," given the dispute between the USDA and Citizens over whether this court entered a declaratory judgment for Citizens. When referring to an action taken by a judge, "render" is defined by the authority relied upon by the Court in *Buckhannon* as "to deliver formally." Black's Law Dictionary 1322 (8th ed. 2004). Taken together, the definitions of "prevailing party" and "render" suggest that a party must have a judgment or something similar *formally* delivered in its favor to be considered "prevailing."

While the *Buckhannon* Court did not have reason to address how formal a judgment must be, it made clear that, in any event, a party must receive "some relief" from a court to be considered "prevailing." 532 U.S. at 603. "Our '[r]espect for ordinary language requires that a plaintiff receive at least some relief on the merits of his claim before

---

Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees . . . incurred by that party in any civil action . . . , including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action . . . .

28 U.S.C. § 2412 (d)(1)(A).

[2]The Court has recognized that numerous attorneys' fees statutes award fees to a "prevailing party" and has elected to "interpret[ ] these fee-shifting provisions consistently." *Buckhannon*, 532 U.S. at 602, 603 n.4; *see also Perez-Arellano v. Smith*, 279 F.3d 791, 794 (9th Cir. 2002) ("[W]e discern no reason to interpret the EAJA inconsistently with the Supreme Court's interpretation of 'prevailing party' [in other federal statutes] as explained in *Buckhannon*.").

he can be said to prevail.' " *Id.* (alteration in original) (quoting *Hewitt v. Helms*, 482 U.S. 755, 760 (1987)). An award of attorneys' fees must be preceded by a " 'material alteration of the legal relationship of the parties.' " *Id.* at 604 (quoting *Texas State Teachers Ass'n v. Garland Independent Sch. Dist.*, 489 U.S. 782, 792-93 (1989)). Only such alterations that obtain "the necessary judicial *imprimatur* on the change" will suffice to confer "prevailing party" status upon the plaintiff. *Id.* at 605.

In a previous decision, the Supreme Court held that a plaintiff was not a prevailing party when he "obtained no relief," only a "favorable judicial statement of law in the course of litigation that result[ed] in judgment against the plaintiff." *Hewitt*, 482 U.S. at 760, 763. In *Hewitt v. Helms*, the Third Circuit had instructed the district court to enter summary judgment for the plaintiff, a state prisoner, on the grounds that the defendant prison officials had violated the Constitution, "*unless* the defendants could establish an immunity defense." *Id.* at 758 (emphasis added). In subsequent proceedings, the defendants succeeded in establishing qualified immunity and were granted summary judgment themselves. *Id.* The Court found that the Third Circuit's favorable instruction did not constitute "a form of judicial relief," such as a declaratory judgment, and therefore was insufficient to confer prevailing party status on the plaintiff. *Id.* at 760. Consequently, though the plaintiff had obtained a favorable determination on the issue of whether there had been a constitutional violation, he ultimately received no relief from the district court and therefore was not entitled to attorneys' fees. *Id.*

The Supreme Court provided two "examples" of forms of relief that justify a fee award: enforceable judgments on the merits and settlement agreements enforced through a consent decree. *Buckhannon*, 532 U.S. at 604-5.While we have identified additional situations in which a plaintiff can qualify as a prevailing party, *see, e.g.*, *Richard S. v. Dep't of Developmental Services of Cal.*, 317 F.3d 1080, 1086 (9th Cir. 2003)

(legally enforceable settlement agreement between the plaintiff and defendant); *Watson v. County of Riverside*, 300 F.3d 1092, 1096 (9th Cir. 2002) (preliminary injunction as sole form of relief), we never have undermined the Court's basic requirement that "some relief" be granted. In *Benton v. Oregon Student Assistance Commission*, for instance, we reversed a district court's award of attorneys' fees, finding that the court's prior award of nominal damages and its conclusion that the "plaintiff had proven that her constitutional rights had been violated" were not alone sufficient to justify a fee award. 421 F.3d 901, 908 (9th Cir. 2005). We held that the plaintiff had not obtained a declaratory judgment, notwithstanding this favorable judicial language. *Id.*; *see also, e.g.*, *Poland v. Chertoff*, 494 F.3d 1174, 1187 (9th Cir. 2007) (denying prevailing party status to a plaintiff who had not yet obtained "any *relief* on the merits of his claims," despite holding that the plaintiff had established one of his claims (emphasis added)).

**[2]** In the present case, Citizens asserts that it should be considered a prevailing party because it received a ruling from this court that the USDA had violated Citizens' rights under NEPA. Citizens, however, never received a formal declaratory judgment or other relief from this or any other court. The district court entered no such judgment, and we merely remanded to the district court to consider injunctive relief without discussing declaratory relief. *See Citizens*, 341 F.3d at 965.

**[3]** No Supreme Court or Ninth Circuit precedent supports Citizens' claim. To the contrary, the cases reviewed here uniformly require that a plaintiff receive some form of judicially-sanctioned relief, as a "judicial *imprimatur*" is necessary to achieve the "corresponding alteration in the legal relationship of the parties" that the Supreme Court has identified as a prerequisite for prevailing party status. *See Buckhannon*, 532 U.S. at 605.

The dissent attempts to read Supreme Court precedent in light of the *Buckhannon* Court's approval of *Parham v. Southwestern Bell Telephone Co.*, 433 F.2d 421 (8th Cir. 1970). *See Buckhannon*, 532 U.S. at 607 n.9. In *Parham*, the Eighth Circuit granted attorneys' fees to a plaintiff after holding that the company to which he had applied for employment had engaged in racial discrimination in violation of Title VII. 433 F.2d at 429. While agreeing with the district court that an injunction was neither "necessary or appropriate . . . at the present time," due to the company's subsequent progress in minority hiring, the Eighth Circuit nevertheless directed the district court to "retain jurisdiction over the matter for a reasonable period of time to insure the continued implementation of the appellee's policy of equal employment opportunities." *Id*. In *Buckhannon*, the Supreme Court quoted the latter passage and analogized that directive to a consent decree before concluding that "[c]learly *Parham* does not support a theory of fee shifting untethered to a material alteration in the legal relationship of the parties." 532 U.S. at 607 n.9. In the present case, our court issued no comparable order to the district court and instead remanded to allow the district court "to determine whether injunctive relief is appropriate." *Citizens*, 341 F.3d at 965. *Buckhannon*'s citation to *Parham* does not support a fee award here.

For its part, Citizens points to a single decision of our court, *Animal Lovers Volunteer Ass'n, Inc. v. Carlucci*, 867 F.2d 1224 (9th Cir. 1989), that, Citizens argues, "should control the resolution of this appeal." In *Animal Lovers*, we awarded attorneys' fees to the plaintiffs after a previous Ninth Circuit decision had granted the plaintiffs declaratory relief and had remanded to the district court to determine whether an injunction should be granted. *Id.* at 1225. While Citizens relies heavily on *Animal Lovers*—and the district court cites it, *Citizens*, 497 F. Supp. 2d at 1072, 1073—its procedural background differs significantly from the facts here: Our court granted declaratory relief to the plaintiffs in *Animal Lovers*, but did not do likewise with Citizens. *Compare Animal Lov-*

*ers*, 867 F.2d at 1225, *with Citizens*, 341 F.3d at 965, 978. Thus, even Citizens' preferred precedent offers no support for its proposition that it was transformed into a prevailing party once we stated that the USDA had violated Citizens' rights.

**[4]** Citizens asserts that we went beyond a jurisdictional ruling to reach the merits of its claim when we held that the USDA had violated NEPA by depriving Citizens of its right to comment on environmental documents. But a favorable determination on a legal issue, even if it might have put the handwriting on the wall, is not enough by itself. A "favorable judicial statement of law," as Citizens obtained here, cannot substitute for "a form of judicial relief," such as declaratory judgment. *Hewitt*, 482 U.S. at 760, 763.

One reason the Supreme Court drew that distinction is that a court is not bound to enter a declaratory judgment when it finds unlawful action. *See, e.g.*, *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995) ("[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites."). In reaching its decision, the *Hewitt* Court cited a "practical objection to equating statements of law . . . with declaratory judgments: The equation deprives the defendant of valid defenses to a declaratory judgment to which he is entitled[,]" such as mootness or equitable grounds. 482 U.S. at 762. The Court added: "The fact that a court *can* enter a declaratory judgment does not mean that it *should*." *Id.*

**[5]** We recognize that our previous ruling in this case may have put Citizens well down the road to victory. It is possible that Citizens' lawsuit even contributed to the decision by the USDA to withdraw the disputed rule. But the Supreme Court has made clear that being a catalyst for such change is not enough to support a claim for attorneys' fees under the EAJA. *Buckhannon*, 532 U.S. at 600. Relief from the court in some formal fashion is required. This case, however, was dismissed

before it reached that stage. Accordingly, because neither the district court nor our court entered relief for Citizens, the district court did not have the power to award Citizens attorneys' fees.

## III.   Conclusion

There was not a material alteration in the parties' legal relationship sufficient to make Citizens a "prevailing party" under the EAJA. Accordingly, we reverse the award of attorneys' fees.

**REVERSED.**

---

HUG, Circuit Judge, dissenting:

I respectfully dissent.

Citizens filed a suit that, among other things, sought a ruling that USDA had violated the provisions of NEPA by failing to give appropriate notice of the promulgation of a new rule to replace the 2000 Plan Development Rule. The district court ruled that Citizens lacked standing to sue and that the procedural challenges were not ripe for review. Citizens appealed, contending that it did have standing and that the matter was ripe for review.

The USDA invited our court also to rule on the merits of the NEPA claim. In its reply brief, the USDA stated: "Even if the Court finds that [Citizens] has standing and that its NEPA and ESA claims are ripe, it should affirm the district court's grant of summary judgment and denial of injunctive relief on the alternative ground that [Citizen]'s claims fail on the merits." We held that Citizens had standing and the case was ripe for review, and also held that the USDA violated NEPA in promulgating the new rule. *Citizens for Better For-*

*estry v. U.S. Dep't of Agric.*, 341 F.3d 961, 965, 970 (9th Cir. 2003). The holding on the NEPA violation was, in effect, the equivalent of a declaratory ruling made at the invitation of the USDA.

Because Citizens had requested an injunction in addition to declaratory relief, it is significant that our remand to the district court was only to consider the additional relief of an injunction. *Citizens for Better Forestry*, 341 F.3d at 978. The declaratory judgment was taken care of in our ruling, in which we held that the USDA had violated NEPA. This was not dicta, as the USDA contends, but our holding on an issue that the USDA specifically asked us to address. Once judgment was entered, this holding was binding on the district court as the law of the case and was binding precedent in our circuit. Until the USDA complied with NEPA, proceeding with enforcement of the new rule was unlawful. This is exactly the relief Citizens sought in its suit.

The district court properly awarded attorneys' fees because our ruling in *Citizens for Better Forestry* was "functionally equivalent to a declaratory judgment." *Citizens for Better v. U.S. Dep't of Agric.*, 497 F. Supp. 2d 1062, 1073 (N.D. Cal. 2007). The majority rejects the equivalency doctrine by relying on precedents that do not control the case at bar.

Although the Supreme Court in *Buckhannon* began its analysis by consulting Black's Law Dictionary, the Court distilled the dictionary definition of "prevailing party" into two essential requirements. A litigant prevails by: (1) obtaining a "material alteration of the legal relationship of the parties"; and (2) getting a stamp of "judicial *imprimatur* on the change." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604-05 (2001) (internal quotation marks omitted); *see also Carbonell v. INS*, 429 F.3d 894, 898 (9th Cir. 2005) (applying the test).

In the course of reconciling prior holdings with its two-part test, the *Buckhannon* Court began drawing a line between "examples" of relief that entitle a party to recover attorneys' fees, and relief that does not. 532 U.S. at 605. Enforceable judgments on the merits and court-ordered consent decrees clearly qualified. *Id.* at 604. Recovery of fees under the "catalyst theory" did not.[1] *Id.* at 605. As none of these clear examples control this case, we must venture into the gray area of *Buckhannon*.[2]

Two cases cited in *Buckhannon* are relevant here. The majority only mentions *Hewitt v. Helms*, 482 U.S. 755 (1987). In that case, the plaintiff (Helms) "obtained no relief," only "a favorable judicial statement of law in the course of litigation *that result[ed] in judgment against the plaintiff.*" *Id.* at 760, 763 (emphasis added). As the *Buckhannon* Court recognized, Helms could not recover because the "judicial pronouncement that the defendant has violated the Constitution [was] unaccompanied by '*judicial* relief.'" 532 U.S. at 606 (quoting *Hewitt*, 482 U.S. at 760). The defendant prevailed on the ground of qualified immunity. The majority's declaration that a "favorable judicial statement of law . . . cannot substitute for a form of judicial relief" is therefore misleading. As Justice Scalia noted in *Hewitt*, the positive statement of law at issue was irrelevant to the case because the plaintiff lost. Unlike Helms, Citizens did not lose.

The *Buckhannon* Court's discussion of a second case, *Parham v. Sw. Bell Tel. Co.*, 433 F.2d 421 (8th Cir. 1970), is

---

[1] Prior to *Buckhannon*, most courts of appeals allowed a plaintiff to "prevail" under the "catalyst theory." 532 U.S. at 602, 602 n.3. This theory permitted attorneys' fees to be awarded in the absence of a "judicially sanctioned change in the legal relationship of the parties" if the plaintiff "achieve[d] the desired result because the lawsuit brought about a voluntary change in the defendant's conduct." *Id.* at 601, 605.

[2] As the majority recognizes, *Buckhannon* is broad enough to encompass other forms of relief. *See supra* p. 6848 (noting that legally enforceable settlement agreements and preliminary injunctions can qualify as relief).

more on point. In *Parham*, the plaintiff (Parham) sued a potential employer for racially discriminatory employment practices in violation of Title VII. The court ruled in Parham's favor, "hold[ing] as a matter of law that [Parham's evidence] established a violation of Title VII." *Id.* at 426. However, because the employer had successfully initiated an affirmative action program in the wake of Parham's lawsuit, the court did not grant "injunctive relief to enjoin the [employer] from unlawful employment discrimination." *Id.* at 429. Instead, the court remanded the case with an instruction that the district court retain jurisdiction over the matter to ensure that the employer maintained its salutary employment practices. *Id.* at 429. Despite the lack of formal relief, the court awarded Parham attorneys' fees because his "lawsuit acted as a catalyst" for the onset of the employer's affirmative action program—a "valuable public service." *Id.* at 430.

The *Buckhannon* Court distinguished *Parham* from other catalyst theory cases as follows:

> Although the Court of Appeals in *Parham* awarded attorney's fees to the plaintiff because his lawsuit acted as a catalyst which prompted the defendant to take action seeking compliance with the requirements of Title VII, it did so only after finding that the defendant had acted unlawfully. [Therefore,] *Parham* stands for the proposition that an *enforceable judgment* permits an award of attorney's fees.

*Buckhannon*, 532 U.S. at 607 n. 9 (internal quotation marks, citations, and alterations omitted; emphasis added). Under the majority's analysis, Parham would not have been entitled to attorney's fees.

When read together, *Buckhannon*, *Parham*, and *Hewitt* suggest that a plaintiff may recover attorneys' fees under a functional equivalence theory, provided that the judgment is enforceable. *Cf. Smalbein v. City of Daytona Beach*, 353 F.3d

901, 905 (11th Cir. 2003) (explaining that attorneys' fees may be recoverable when a court retains jurisdiction over the terms of a private settlement agreement or when a court order incorporates such an agreement into a dismissal order because either action is the "functional equivalent" of an entry of a consent decree); *Buckhannon*, 532 U.S. at 618 (Scalia, J., concurring) ("[I]n the case of court-approved settlements . . . , even if there has been no judicial determination of the merits, the outcome is at least the product of, and bears the sanction of, judicial action *in the lawsuit*.").

Although our 2003 judgment did not formally grant Citizens' prayer for declaratory relief, our statement that the USDA violated NEPA was the functional equivalent of a declaratory judgment. On remand, the district court would have been bound by this determination regardless of whether it chose to grant injunctive relief. If the district court had acted otherwise and reconsidered the issue, we would have been able to enforce our statement of law pursuant to the law of the case and law of the circuit doctrines. *See Citizens for Better*, 497 F. Supp. 2d at 1073 (citing *United States v. Johnson*, 256 F.3d 895, 914 (9th Cir. 2001) ("[W]here a panel confronts an issue germane to the eventual resolution of the case, and resolves it after reasoned consideration in a published opinion, that ruling becomes the law of the circuit . . . ." ); *Milgard Tempering, Inc. v. Selas Corp. of Am.*, 902 F.2d 703, 715 (9th Cir. 1990) (explaining that the law of the case precludes a district court from revisiting an issue that has been decided by a higher court in the same case unless one of three exceptional circumstances, none of which are relevant here, applies)). Citizens asked for declaratory relief, and Citizens got it in substance, if not form.

Our judgment altered the legal relationship of the parties. Citizens' position was upheld. The USDA could not lawfully proceed under its new rule. Moreover, like Parham, Citizens obtained relief that achieved a broad public good. Plaintiffs seeking to protect our environment now routinely use our

statement of law to hold federal agencies accountable for cir-
culating EAs for public review, thereby furthering NEPA's
goal of protecting the environment through public participa-
tion. *See, e.g., Ocean Mammal Inst. v. Gates*, 546 F. Supp. 2d
960, 972 (D. Haw. 2008); *W. Watersheds Project v. Bennett*,
392 F. Supp. 2d 1217, 1222 (D. Idaho 2005); *Mont. Wilder-
ness Ass'n v. Fry*, 310 F. Supp. 2d 1127, 1144 (D. Mont.
2004). Thus, Citizens prevailed.

None of the cases cited by the majority changes this fact.
The statement of law at issue in *Hewitt* provided only condi-
tional relief. 482 U.S. at 758. Once the district court deter-
mined that the prison officials were protected by qualified
immunity, the conditional relief evaporated. *Id.* at 760. Our
ruling that the USDA violated NEPA was not conditional. It
provided relief because the USDA could not lawfully proceed
under the new rule.

The other two cases on which the majority relies, *Benton
v. Oregon Student Assistance Commission*, 421 F.3d 901 (9th
Cir. 2005), and *Poland v. Chertoff*, 494 F.3d 1174 (9th Cir.
2007), are also distinguishable. *Benton* dealt with a damages
judgment only, and "nothing in the language of the [district
court's] judgment . . . suggest[ed] that [the] plaintiff was
awarded declaratory relief." 421 F.3d at 908; *see also id.* at
903 ("Although plaintiff contends that she received a declara-
tory judgment that her rights were violated, a review of the
judgment reveals that the judgment is a damages judgment
only.") The district court's statement that plaintiff's constitu-
tional rights had been violated served no other purpose than
to support its imposition of a nominal damages award. *Id.* at
908.

*Poland* is distinguishable from the instant case because of
its procedural posture. In that case, the district court found
that the plaintiff had been constructively discharged and
unlawfully retaliated against; however, the court only
awarded attorney's fees under the former claim. *Poland*, 494

F. 3d at 1179. On appeal, we reversed on the discharge claim and affirmed on the retaliation claim. *Id.* at 1184-86. Because the district court awarded damages solely on the reversed claim, we vacated the award of attorneys' fees, noting that the plaintiff would again be entitled to them if he "obtain[ed] any form of relief on remand." *Id.* at 1187. *Poland* does not stand for the proposition that a favorable statement of law never qualifies as relief. We could not have affirmed an award of attorneys' fees while simultaneously reversing the basis of the award.

Our ruling that the USDA had violated NEPA was equivalent to a declaratory judgment and did provide the relief Citizens had sought. The USDA could no longer lawfully proceed under the new rule. The award of attorneys' fees was therefore proper, and we should affirm the district court.