**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KTS KARAOKE, INC., a California corporation; TIMMY SUN TON, individually, <br><br> Plaintiffs-counter-defendants - Appellants, <br><br> v. <br><br> SONY ATV MUSIC PUBLISHING, LLC; SONY/ATV DISCOS MUSIC PUBLISHING, LLC; SONY/ATV LATIN MUSIC PUBLISHING, LLC; SONY/ATV SONGS LLC; SONY/ATV SOUNDS LLC; SONY/ATV TUNES LLC, <br><br> Defendants-counter-plaintiffs - Appellees. | No. 14-55355 <br><br> D.C. No. 2:12-cv-00014-MWF-JEM <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted March 7, 2016[**]
Pasadena, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: W. FLETCHER, MURGUIA, and OWENS, Circuit Judges.

KTS Karaoke, Inc. ("KTS") appeals the district court's denial of its motion for attorney's fees under the Copyright Act. Reviewing for abuse of discretion, *Cadkin v. Loose*, 569 F.3d 1142, 1146 (9th Cir. 2009), we affirm.

KTS was not the prevailing party as to Sony's counterclaim for copyright infringement, the voluntary dismissal of which forms the basis for KTS's request for attorney's fees. *See* 17 U.S.C. § 505 (providing that "the court may also award a reasonable attorney's fee to the prevailing party as part of the costs"). Sony agreed to voluntarily dismiss its counterclaim against KTS as part of a settlement agreement in which KTS's insurer, Travelers, agreed to pay Sony $1.25 million. Sony was the prevailing party in the deal because it obtained "an enforceable, judicially sanctioned award of much of the relief [it] sought," here, money damages. *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1031 (9th Cir. 2009).

The fact that the district court ordered that Sony's Tennessee suit be consolidated with the California suit, and that the court denied Sony's motions for sanctions, for a preliminary injunction, and to dismiss KTS's claims does not render KTS the prevailing party, as those orders did not afford KTS any actual relief. *See id.* at 1031 ("[T]he court must formally indicate that the plaintiff is

2

entitled to some *actual relief*—legal or equitable relief—in order to establish a material alteration." (emphasis in original)).  A favorable determination on a legal issue is not enough.  *Citizens for Better Forestry v. U.S. Dep't of Agric.*, 567 F.3d 1128, 1133 (9th Cir. 2009).  Moreover, Sony was never forced by the court to reduce the number of allegedly infringing works.  *See Klamath*, 589 F.3d at 1031 ("To receive what one sought is not enough to prevail: the court must require one's opponent to give it.").  Finally, we reject KTS's argument that it did not settle with Sony or that it was not a party to the settlement agreement.  By tendering the counterclaim to Travelers for it to defend, KTS was bound by Travelers's right to control the defense.  *See Safeco Ins. Co. v. Superior Court*, 84 Cal. Rptr. 2d 43, 45 (Ct. App. 1999) ("When the insurer provides a defense to its insured, the insured has no right to interfere with the insurer's control of the defense.").

**AFFIRMED.**