NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 12 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>MARIN ALLIANCE FOR MEDICAL MARIJUANA and LYNETTE SHAW,<br><br>Defendants-Appellants. | No. 16-16416<br><br>D.C. No. 3:98-cv-00086-CRB<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted December 6, 2017**
San Francisco, California

Before: RAWLINSON and OWENS, Circuit Judges, and RICE,*** Chief District
Judge.

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

*** The Honorable Thomas O. Rice, Chief United States District Judge
for the Eastern District of Washington, sitting by designation.

Marin Alliance for Medical Marijuana and its founder Lynnette Shaw (collectively, "MAMM") appeal from the district court's order denying MAMM's motion for attorney's fees under the Equal Access to Justice Act ("EAJA"). As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The EAJA directs courts to award attorney's fees to "a prevailing party" in certain civil actions involving the United States, unless the government's position was "substantially justified" or "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *Citizens for Better Forestry v. U.S. Dep't of Agric.*, 567 F.3d 1128, 1131 & n.1 (9th Cir. 2009). A "prevailing party" is one that obtains a "judicial imprimatur" on a "material alteration of the legal relationship of the parties." *Citizens for Better Forestry*, 567 F.3d at 1131–32 (emphasis omitted) (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 604, 605 (2001)). "[A] favorable judicial statement of law in the course of litigation that results in judgment against the [moving party] does not suffice to render him a 'prevailing party.'" *Hewitt v. Helms*, 482 U.S. 755, 763 (1987). Rather, the party seeking fees must point to a "judicial pronouncement . . . *which affects the behavior of*" the opposing party. *Id*. at 761 (emphasis in original). This court reviews de novo a district court's legal

2

determination whether a litigant is a "prevailing party" and thus entitled to fees under the EAJA. *Citizens for Better Forestry*, 567 F.3d at 1131.

The district court did not err in concluding that MAMM is not a "prevailing party" for purposes of an EAJA fee award. In its underlying merits order, the district court denied MAMM's motion to dissolve the 2002 permanent injunction barring its business operations, but noted that a 2015 federal appropriations rider effectively precluded the government from enforcing the injunction against MAMM to the extent MAMM complied with applicable California law. While the district court's order suggests that enforcing either the injunction or federal law against MAMM would violate the appropriations rider, it is not an "enforceable entitlement" preventing the government from attempting to do so. *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1031 (9th Cir. 2009) (emphasis omitted) ("To receive what one sought is not enough to prevail: the court must require one's opponent to give it.").

The district court's interpretation of the rider may "serve as a standard of conduct to guide [government] officials in the future," but it does not require the "cessation of [government] action." *Hewitt*, 482 U.S. at 759, 761; *see also Klamath*, 589 F.3d at 1033 n.5 (finding no prevailing party status where "the district court's finding would not be judicially enforceable against the [defendant] unless [the plaintiff] initiated further proceedings . . . and successfully invoked [a

3

preclusion doctrine] to establish its entitlement to 'some form of judicially-

sanctioned relief'" (quoting *Citizens for Better Forestry*, 567 F.3d at 1132)).

MAMM thus received no "judicial relief" and is not a "prevailing party" entitled to

fees under the EAJA. *Hewitt*, 482 U.S. at 759, 760.[1]

**AFFIRMED.**

---

[1] We deny MAMM's motion requesting judicial notice, as the documents in question shed no light on whether the district court's merits order provided MAMM an "enforceable entitlement" against the government. *See Klamath*, 589 F.3d at 1033 n.5.