NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 29 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KARLA GONZALEZ; JAMIE RETIGUIN BARBA, Sr., <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> ALLIED COLLECTION SERVICES, INC., <br><br> Defendant-Appellant. | Nos. 19-16813 <br> 20-15002 <br><br> D.C. No. <br> 2:16-cv-02909-MMD-VCF <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

Argued and Submitted March 12, 2021
Las Vegas, Nevada

Before: CLIFTON, NGUYEN, and BENNETT, Circuit Judges.

In this Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, action, Allied Collection Services, Inc. ("Allied") appeals the district court's grant of summary judgment to Karla Gonzalez, the denial of its motions for

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

attorneys' fees, sanctions, and costs, and the grant of attorneys' fees and costs to Gonzalez. The district court had subject matter jurisdiction over Gonzalez's claims.[1] *See* 28 U.S.C. § 1331; 15 U.S.C. § 1692k(d). We have jurisdiction under 28 U.S.C. § 1291. We affirm in part and vacate and remand in part.

Reviewing de novo, *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010), we conclude that the district court properly granted summary judgment to Gonzalez. The service of a writ of execution or writ of garnishment that seeks to collect an inaccurate debt amount can constitute a violation or violations of 15 U.S.C. §§ 1692e or 1692f. Allied conceded at oral argument that the amount of debt owed as specified in the second writ when it was served on Gonzalez's employer was "erroneous." Allied violated § 1692f(1) because it attempted to collect a debt amount that was not "expressly authorized by the agreement creating the debt." The same facts support the conclusion that Allied

---

[1] Allied's lack of standing argument, raised in a cursory manner for the first time at oral argument, is unpersuasive. *See Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1117 (9th Cir. 2014) (outlining when a FDCPA plaintiff has statutory standing to bring a cause of action). *Donohue v. Quick Collect, Inc.* is inapposite because it did not discuss standing and indeed addressed the merits of the plaintiff's claim. *See* 592 F.3d 1027, 1033–34 (9th Cir. 2010). Further, Allied's violation was material. *See Afewerki v. Anaya Law Grp.*, 868 F.3d 771, 773 (9th Cir. 2017) (Material false representations are representations that "could 'cause the least sophisticated debtor to suffer a disadvantage in charting a course of action in response to the collection effort.'") (quoting *Tourgeman*, 755 F.3d at 1121).

violated 15 U.S.C. §§ 1692e(5) and 1692e(10). Allied's arguments to the contrary are unavailing because its intentional decision to not credit the California Ironworkers Field Welfare Plan's payment to Dr. Mendoza does not negate the fact that it violated the statute by trying to collect an amount of debt that was already partially paid, even if that partial payment was subsequently rescinded by the recipient. *See Donohue*, 592 F.3d at 1030 ("The FDCPA is a strict liability statute that 'makes debt collectors liable for violations that are not knowing or intentional.'") (quoting *Reichert v. Nat'l Credit Sys., Inc.*, 531 F.3d 1002, 1005 (9th Cir. 2008)).

The district court did not abuse its discretion, *see Barber v. Miller*, 146 F.3d 707, 709 (9th Cir. 1998), in denying Allied's pre-trial motion to impose sanctions under 28 U.S.C. § 1927. Allied's arguments do not support a finding that Jamie Barba's counsel acted vexatiously in pursuing Barba's claims. *See In re Girardi*, 611 F.3d 1027, 1061 (9th Cir. 2010) (explaining that, although "carelessly, negligently, or unreasonably multiplying the proceedings is not" vexatious, "recklessly or intentionally misl[eading] the court" is vexatious, as is "recklessly rais[ing] a *frivolous* argument").

The district court did not clearly err, *see Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 933 (9th Cir. 2007) (per curiam), in concluding that there was no

bad faith or harassment in denying Allied's pre-trial and post-trial motions for attorneys' fees and costs under 15 U.S.C. § 1692k(a)(3), *see United States v. Spangle*, 626 F.3d 488, 497 (9th Cir. 2010) (requiring district court's conclusions to be "illogical, implausible, or without support in the record" in order to hold that it clearly erred).

The district court did not abuse its discretion, *see Snake River Valley Elec. Ass'n v. PacifiCorp*, 357 F.3d 1042, 1054 n.12 (9th Cir. 2004), in denying Allied's post-trial motion for attorneys' fees under the district court's inherent powers. Although fees may be awarded when a party acts in bad faith, *see Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 382 (2013), Allied's arguments do not support the conclusion that Gonzalez's pursuit of damages for emotional distress was in bad faith.

The district court did not clearly err, *see Citizens For Better Forestry v. U.S. Dep't of Agr.*, 567 F.3d 1128, 1131 (9th Cir. 2009), in denying Allied's post-trial motion for costs under Federal Rule of Civil Procedure 54. Although there can be multiple prevailing parties under Rule 54 when there are verdicts involving different *claims*, and thus mixed judgments where it is within the discretion of a district court to require each party to bear its own costs, *see Amarel v. Connell*, 102 F.3d 1494, 1523–24 (9th Cir. 1996), there are not multiple prevailing parties when

4

there are different outcomes as to the *types of relief*, *cf. Matter of Sparkman*, 703 F.2d 1097, 1100 (9th Cir. 1983) ("[U]nder California law . . . the party who obtains a favorable judgment is deemed to be the prevailing party even though he did not successfully obtain all the relief which he sought in the action."). The district court properly determined that Gonzalez was the sole prevailing party as to her claims. *See Farrar v. Hobby*, 506 U.S. 103, 115 (1992) ("A plaintiff who seeks compensatory damages but receives no more than nominal damages is often such a prevailing party.").

The district court abused its discretion, *see Morales v. City of San Rafael*, 96 F.3d 359, 362 (9th Cir. 1996), in not adequately accounting for the degree of success that Gonzalez's attorneys achieved, *see Farrar*, 506 U.S. at 114 ("'[T]he most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.'") (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983)). Proportionality of an award is different than awarding fees for hours spent pursuing an unsuccessful result. *Cf. In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011) ("[W]here the plaintiff has achieved 'only limited success,' counting *all* hours expended on the litigation . . . may produce an 'excessive amount,' and the Supreme Court has instructed district courts to instead

5

'award only that amount of fees that is reasonable in relation to the results obtained.'") (quoting *Hensley*, 461 U.S. at 436, 440).

The district court concluded that "time involved and results obtained[] . . . favors the award for Gonzalez's counsel." Although she succeeded in part at summary judgment, Gonzalez was unsuccessful at trial. She sought damages for emotional distress, but the jury did not award those. The jury "advised" the district court that Gonzalez be awarded $1,000 in statutory damages, but it did not have the power to award those damages. *See* 15 U.S.C. §§ 1692k(a)(2)(A), 1692k(b). The award of fees for hours spent pursuing an unsuccessful result cannot be sustained. We vacate the judgment awarding attorneys' fees and costs to Gonzalez and remand for the district court to determine an appropriate amount of fees, including consideration of the results obtained.

Each party to bear its own costs on appeal.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**