NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 12 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ANTONIO GUTIERREZ, Jr.,

      Plaintiff - Appellant,

v.

MARGARITA SANDOVAL, Registered
Nurse at CCI; Doctor FAYE
MONTEGRANDE, Medical Doctor at CCI,

      Defendants – Appellees.

No. 25-815

D.C. No.
1:20-cv-01130-KES-EPG

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
Kirk Edward Sherriff, District Judge, Presiding

Submitted June 10, 2026**
San Francisco, California

Before: GOULD, NGUYEN, and VANDYKE, Circuit Judges.

    Antonio Gutierrez ("Gutierrez"), a California inmate, appeals the district

court's denial of his motion for leave to amend, motion to modify the judgment

---

    *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

and award plaintiff nominal damages under Federal Rules of Civil Procedure 50, 59(a), 59(e), 60(a), and 60(b)(6), and motion for attorney's fees and costs. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.     A court may deny leave to amend for reasons "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment . . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "We review the denial of leave to amend for an abuse of discretion, but we review the question of futility of amendment de novo." *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1172 (9th Cir. 2016) (citations omitted).

The district court correctly held that allowing Gutierrez to amend his complaint to add Dr. Faye Montegrande ("Dr. Montegrande") as a defendant would be futile. To establish an Eighth Amendment violation based on prison medical treatment, a plaintiff "must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). A plaintiff demonstrates deliberate indifference "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id.* A negligent failure to provide proper medical care or a difference in medical opinion,

alone, does not demonstrate deliberate indifference. *Toguchi v. Chung*, 391 F.3d 1051, 1057–58 (9th Cir. 2004); *see also Jett*, 439 F.3d at 1096. "[T]o prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the chosen course of treatment 'was medically unacceptable under the circumstances,' and was chosen 'in conscious disregard of an excessive risk to [the prisoner's] health.'" *Toguchi*, 391 F.3d at 1058 (alteration in original) (citation omitted).

Here, Dr. Montegrande's failure to prescribe the correct dosage of steroid amounts at most to medical negligence. As Gutierrez himself admits, Dr. Montegrande "correctly diagnosed Gutierrez with Bell's palsy," "ordered the correct genre of medication, in that treatment for Bell's palsy entails a steroid and typically an anti-viral," and "provided [Gutierrez] an eye patch and tape to cover his right eye . . . ." There is no evidence that Dr. Montegrande was subjectively aware of the risk when she prescribed Gutierrez Medrol Dosepak. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("[T]he [defendant] must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."). In fact, Dr. Montegrande testified that she prescribed Medrol Dosepak because she believed it had an adequate dose of steroid to treat Gutierrez's Bell's palsy and because the "blister pack[aging]" would improve Gutierrez's compliance with the treatment. And Dr.

Morris Levin, a neurological expert, testified that Medrol is an acceptable treatment for Bell's palsy. Although Dr. Montegrande was not Gutierrez's primary care physician she instructed Gutierrez to return to treatment and triage four days after she saw him for follow-up. Finally, there is no evidence that Dr. Montegrande deliberately failed to prepare a real-time progress note. Dr. Montegrande testified that it was her practice to scribble notes to herself to later update in the system.

Accordingly, the futility of amendment, coupled with the substantial prejudice to Nurse Margarita Sandoval ("Nurse Sandoval") and the fact that Gutierrez had already twice amended his complaint, strongly counseled against amendment. *See Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (holding that, in granting leave to amend, "the consideration of prejudice to the opposing party [] carries the greatest weight"). The district court also appropriately declined to bifurcate the cases against Nurse Sandoval and Dr. Montegrande given the difficulty of doing so. We, therefore, conclude that there was no abuse in discretion.

2. We review the district court's denial of Rules 59 and 60 motions for abuse of discretion, *Floyd v. Laws*, 929 F.2d 1390, 1400 (9th Cir. 1991), but review the court's legal analysis underlying its prevailing party finding de novo,

*Citizens For Better Forestry v. U.S. Dep't of Agric.*, 567 F.3d 1128, 1131 (9th Cir. 2009).

The district court did not err in declining to award nominal damages because Gutierrez was not the prevailing party. We have held that, in situations where there is a delay in medical treatment, the delay only constitutes an Eighth Amendment violation if it "caused substantial harm." *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990); *see also Simmons v. G. Arnett*, 47 F.4th 927, 934 (9th Cir. 2022) ("[H]armless delays in treatment are not enough to sustain an Eighth Amendment claim."); *Berry v. Bunnell*, 39 F.3d 1056, 1057 (9th Cir. 1994) (per curiam) (same). Because the jury found that Nurse Sandoval's conduct did not cause Gutierrez harm, Nurse Sandoval did not violate Gutierrez's Eighth Amendment right. Guiterrez, therefore, was not entitled to nominal damages.[1]

3.    We review the denial of attorney's fees for abuse of discretion. *Labotest, Inc. v. Bonta*, 297 F.3d 892, 894 (9th Cir. 2002). Because the district court correctly found that Gutierrez was not the prevailing party, it did not abuse its discretion in denying the motion for attorney's fees.

**AFFIRMED.**

---

[1] The district court also did not err in denying Gutierrez's post-trial motion for judgment as a matter of law under Rule 50 because Gutierrez failed to move for judgment as a matter of law before entry of the verdict. Fed. R. Civ. P. 50(b).