PER CURIAM:
Claudia Smalbein and Edward Millis, personal representatives of the Estate of Paul Smalbein, appeal the denial of their motion for an award of statutory attorney’s fees following a settlement agreement on their claims with the City of Daytona Beach and Police Officers Gary A. Sault, T.A. Perkins, David M. Willis, and Bruce M. McBride (collectively, “Daytona Beach Defendants”). Smalbein and Millis filed their motion for fees pursuant to 42 U.S.C. § 1988(b),[1] which allows for a fee award to the “prevailing party” in suits brought for the vindication of civil rights. In response, the City of Daytona Beach requested an evidentiary hearing to determine the merits of Paul Smalbein’s 42 U.S.C. § 1983 claims in order to establish whether Smalbein and Millis were eligible for § 1988(b) attorney’s fees. The Magistrate Judge recommended that the motion for attorney’s fees be granted but that the evidentiary hearing be denied. The district court denied both the motion for attorney’s fees and evidentiary hearing. Because we find that Smalbein and Millis are prevailing parties under 42 U.S.C. § 1988, we reverse the district court’s denial of the motion for attorney’s fees and remand for the purpose of holding an evidentiary hearing on the award of attorney’s fees and costs to Smalbein and Millis per the terms of the parties’ settlement agreement.
I. BACKGROUND
Paul Smalbein, the original plaintiff, filed a ten-count complaint against the City of Daytona Beach, the City of Daytona Beach Police Department, and various police officers. Smalbein alleged that his constitutional rights under the First, Fourth, Eighth, and Fourteenth Amendments and the Civil Rights Act of 1871, 42 U.S.C. § 1983, were violated following his arrest in a night club parking lot. Specifically, Smalbein claimed that he was deprived of his due process rights, his right to be free of excessive force, and the right to reasonable medical care under § 1983. He also alleged state law claims of false imprisonment, battery, and intentional infliction of emotional distress. The complaint was later amended to allege eleven counts and named Claudia Smalbein and Edward Millis as plaintiffs after the death of Paul Smalbein.[2]
After mediation, the parties reached á settlement agreement whereby the City of Daytona Beach agreed to pay Smalbein and Millis $25,000. All issues raised in the amended complaint were settled except for payment of ’attorney’s fees and taxable costs, and the parties jointly noticed the district court of their agreement. The district court dismissed the case with prejudice and referred any dispute as to the attorney’s fees and costs to the. Magistrate Judge for a report and reconimendation. The court later amended its order and dismissed the case without prejudice until *904 the Daytona Beach City Council approved the settlement.
Thereafter, Smalbein and Millis filed a motion for attorney’s fees under § 1988(b). In response, the Daytona Beach Defendants filed a request for an evidentiary hearing on the merits of the § 1983 claims. Both the motion and the request for an evidentiary hearing were denied as premature because a final settlement had not yet been reached.
After approval by the City of Daytona Beach and disbursement of the $25,000 to Smalbein and Millis, the district court incorporated the settlement agreement by reference into its order of dismissal and retained jurisdiction for the enforcement of its terms. Smalbein and Millis re-filed their motion for attorney’s fees, and the Daytona Beach Defendants responded again with a request for an evidentiary hearing on the merits of the § 1983 claims. The Magistrate Judge recommended that the evidentiary hearing be denied because the court should not be “entangled” in protracted litigation after the substantive issues of a case have been resolved. The Magistrate Judge also recommended that the motion for attorney’s fees be granted because the “significant” payment to Smal-bein and Millis of $25,000 and the disposal of Paul Smalbein’s § 1983 claims against the Daytona Beach Defendants made them the prevailing party under § 1988(b). The district court agreed with the Magistrate Judge that an evidentiary hearing on the merits of the § 1988 claims was unnecessary but rejected the Magistrate Judge’s recommendation that attorney’s fees be paid.
II. STANDARD OF REVIEW
The proper standard for an award of attorney’s fees is a question of law that we review de novo. Loggerhead Turtle v. County Council, 307 F.3d 1318, 1322 (11th Cir.2002) (citing Barnes v. Broward County Sheriff’s Office, 190 F.3d 1274, 1276-77 (11th Cir.1999)). Any factual findings made relevant to that question are reviewed for clear error. Id. (citing Head v. Medford, 62 F.3d 351, 354 (11th Cir.1995)). A district court’s decision on whether to award attorney’s fees is reviewed for abuse of discretion. Id.
III. DISCUSSION
Under the “American Rule,” United States courts follow “ ‘a general practice of not awarding fees to a prevailing party’ ” in a suit. Buckhannon Board & Care Home, Inc., v. W. Va. Dept. of Health & Human Res., 532 U.S. 598, 602, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001) (quoting Key Tronic Corp. v. United States, 511 U.S. 809, 819, 114 S.Ct. 1960, 128 L.Ed.2d 797 (1994)). However, where Congress has given courts “explicit statutory authority” under “fee-shifting” statutes, they may award attorney’s fees to the prevailing party. Id. Under § 1988(b), Congress enumerated § 1983 as one of these fee-shifting statutes; therefore, Smalbein and Millis are eligible to seek an award of attorney’s fees on Paul Smalbein’s § 1983 civil rights claims under § 1988(b) provided that they meet the test of being a “prevailing party.” The question here is whether Smalbein and Millis qualify as the prevailing party when their claims were settled pursuant to an agreement that the district court then incorporated into its order of dismissal and over which it retained jurisdiction for the enforcement of its terms.
It is now established that in order to be considered a prevailing party under § 1988(b), there must be a “court-ordered ... ‘material alteration of the legal relationship of the parties’ necessary to permit an award of attorney’s fees.” *905 Buckhannon, 532 U.S. at 604, 121 S.Ct. 1835 (quoting Tex. State Teachers Ass’n. v. Garland Indep. Sch. Dist., 489 U.S. 782, 792-93, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989)). In other words, there must be: (1) a situation where a party has been awarded by the court “ ‘at least some relief on the merits of his claim’ ” or (2) a “judicial imprimatur on the change” in the legal relationship between the parties. Id. at 603, 605, 121 S.Ct. 1835 (quoting Hewitt v. Helms, 482 U.S. 755, 760, 107 S.Ct. 2672, 96 L.Ed.2d 654 (1987)). Thus, one can be a prevailing party, for example, under an enforceable judgment on the merits or under a court-ordered consent decree. Id. at 604, 121 S.Ct. 1835. Either option constitutes a material alteration in the legal relationship of the parties. One may be a prevailing party through formal entry of a consent decree as to a private settlement agreement because the agreement has the necessary judicial approval and oversight to be considered an alteration in the legal relationship of the parties warranting an award of attorney’s fees under § 1988(b). Maher v. Gagne, 448 U.S. 122, 129, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980).
The Supreme Court has also held that a federal court may have jurisdiction to enforce the terms of a private settlement agreement where a court has embodied the agreement in a dismissal order or has specially retained jurisdiction over it. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381-82, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). In applying this precedent, we have held in this Circuit that even where there has been no formal entry of a consent decree following a settlement agreement, a district court may still award attorney’s fees to the prevailing party as long as: (1) it has incorporated the terms of the settlement into the final order of dismissal or (2) it has explicitly retained jurisdiction to enforce the terms of the settlement. American Disability Ass’n v. Chmielarz, 289 F.3d 1315, 1320 (11th Cir.2002). Under either option, the district court “clearly establishes ‘judicially sanctioned change in the legal relationship of the parties,’ as required by Buckhan-non, because the plaintiff thereafter may return to court to have the settlement enforced.” Id. A formal consent decree is unnecessary because the incorporation of the settlement into a court order or the explicit retention of jurisdiction over the terms of the settlement are the “functional equivalent of an entry of a consent decree.” Id.
This rule is consistent with many of our sister circuits who have likewise concluded that judicial action with sufficient judicial imprimatur other than a judgment on the merits or a court-ordered consent decree may allow for an award of attorney’s fees. See, e.g., Roberson v. Giuliani, 346 F.3d 75, 2003 WL 22232780 (2d Cir.2003); Barrios v. Cal. Interscholastic Fed’n, 277 F.3d 1128 (9th Cir.2002); Oil, Chem. & Atomic Workers Int’l Union v. Dep’t of Energy, 288 F.3d 452, 458-59 (D.C.Cir.2002) (finding that the parties’ stipulation and order of dismissal was not enough to “meaningfully alter the legal relationship of the parties,” but had they done so, Buckhan-non would not preclude an award of fees); Smyth v. Rivero, 282 F.3d 268 (4th Cir.2002); Truesdell v. Philadelphia Hous. Auth., 290 F.3d 159 (3d Cir.2002). Cf. Christina A. v. Bloomberg, 315 F.3d 990, 993 (8th Cir.2003) (“Buckhannon, as indicated, makes it clear that a party prevails only if it receives either an enforceable judgment on the merits or a consent decree.”) (emphasis added).
In this case, the Magistrate Judge and the district court correctly concluded that because the final settlement between the parties was incorporated by reference into the order of dismissal and the court re *906 tained jurisdiction to enforce the terms of the settlement agreement, it judicially altered the legal relationship of the parties, and thus functioned as the equivalent of a consent decree under Chmielarz. Although the $25,000 had been paid to Smallbein and Millis, the court retained jurisdiction to enforce all other terms in the settlement agreement including those related to the release and discharge of all claims by both parties,[3] the promise by Smalbein and Millis to pay any outstanding medical bills,[4] the indemnification clause for any medically related claims, judgments, demands, or expenses which may subsequently arise out of the arrest and detention of Paul Smalbein,[5] as well as the payment of attorney’s fees.[6]
 Although holding that the parties’ settlement agreement was the equivalent of a consent decree, the district court nonetheless denied attorney’s fees to Smalbein and Millis finding that the “overarching motif of § 1988 jurisprudence” is that “the vindication of a plaintiffs rights on the merits of her claims is a condition precedent to any award of attorney’s fees.” Order of District Judge, March 25, 2003, at 10. We disagree with that determination because a party may be considered a prevailing party under a consent decree without any admission of liability on the merits of the underlying claims or a requirement that the other party modify a policy, procedure or practice. All that is necessary is *907 that some relief be awarded by the court.[7] Buckhannon, 532 U.S. at 603, 121 S.Ct. 1835. Buckhannon does not require explicit vindication on the merits of the claim in addition to the parties’ settlement agreement in order for Smalbein and Mil-lis to be considered as the prevailing party.
Buckhannon provides that when there is either an enforceable judgment on the merits or a settlement agreement enforced through a court-ordered consent decree, a material alteration of the legal relationship of the parties occurs, and the test to be deemed a prevailing party has been met. Utility Automation 2000, Inc., v. Choctawhatchee Elec. Coop., Inc., 298 F.3d 1238, 1248 (11th Cir.2002). Although a consent decree does not always include an admission of liability on the merits by the defendant, it nonetheless meets the test. Buckhannon, 532 U.S. at 604, 121 S.Ct. 1835 (emphasis added). “Nothing in the language of § 1988 conditions the District Court’s power to award fees on full litigation- of the issues or on a judicial determination that the plaintiffs rights have been violated ... the Senate Report expressly stated that ‘for purposes of the award of counsel fees, parties may be considered to have prevailed when they vindicate rights through a consent judgment....’” Maher, 448 U.S. at 129, 100 S.Ct. 2570. What is important is that under a settlement agreement that is the functional equivalent of a consent decree, “the plaintiff thereafter may return to court to have the settlement enforced.” Chmielarz, 289 F.3d at 1320. “[I]n the case of court-approved settlements and consent decrees, even if there has been no judicial determination of the merits, the outcome is at least the product of, and bears the sanction of, judicial action in the lawsuit.” Buckhannon, 532 U.S. at 618, 121 S.Ct. 1835 (Scalia, J., concurring). As held by the Supreme Court, “if the plaintiff has succeeded on ‘any significant issue ... which achieve[d] some of the benefit the parties sought in bringing suit,’ the plaintiff has crossed the threshold to a fee award of some kind.” Tex. State Teachers Ass’n., 489 U.S. at 791-92, 109 S.Ct. 1486 (quoting Nadeau v. Helgemoe, 581 F.2d 275, 278-79 (1st Cir.1978)).
In this case, Paul Smalbein’s original complaint solely sought relief in the form of monetary damages for the § 1983 claims. Under the settlement agreement, Smalbein and Millis received monetary damages on Paul Smalbein’s § 1983 claims. This is sufficient for them to be considered the prevailing party. “[T]he touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties ... where such a change has occurred, the degree of the plaintiffs overall success goes to the reasonableness of the award ... not to the availability of a fee award vel non.” Id., 489 U.S. at 792-93,109 S.Ct. 1486.
Notwithstanding their entitlement to fees as prevailing parties, the City of Daytona Beach argues that under the settlement agreement Smalbein and Millis must still have a trial on the merits of the § 1983 claims and prove them meritorious before they may be awarded reasonable attorney’s fees and costs.[8] Thus, we are *908 confronted with a document that purports to be both a settlement and not a settlement. It is clear that both parties to this agreement knew and accepted the fact that the $25,000 which was paid was intended only to compensate - Smalbein and Millis and did not include attorney’s fees and costs. At the same time, both parties knew and accepted the fact that attorney’s fees and Qosts were being sought by Smal-bein and. Millis and conditioned an award upon the court retaining jurisdiction in order to .determine whether Smalbein’s claims had merit.[9]
While the settlement agreement in this case is unusual, we find that the terms at issue regarding attorney’s fees and costs are a material part of their agreement and are neither invalid nor unenforceable. We have no basis under § 1988(b) for ignoring the provisions that the parties bargained for in an arms-length transaction. The Supreme Court has held that under the language of § 1988 and its legislative history, “while it is undoubtedly true that Congress expected fee shifting to attract competent counsel to represent citizens deprived of their civil rights, it [did not render] them nonwaivable or nonnegotiable; instead, it added them to the arsenal of remedies available to combat violations of civil rights.... ” John V. Evans v. Jeff D., 475 U.S. 717, 731-32, 106 S.Ct. 1531, 89 L.Ed.2d 747 (1986) (upholding an agreement in a class action suit that conditioned settlement upon a waiver of statutory attorney’s fees under 42 U.S.C. § 1988).
Accordingly, we find that the district court erred in holding that Smalbein and Millis w;ere not the prevailing parties under § 1988(b), and REVERSE and REMAND for the district court to hold an evidentiary hearing on the merits of Smal-bein’s § 1983 claims with regard to a reasonable award of attorney’s fees and costs.

. § 1988(b) provides that:
In any action or proceeding to enforce a provision of sections ... 1983 ... of this title ... the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs....

. We note that Paul Smalbein’s death was unrelated to the facts of this case.

.The parties' settlement agreement provides that:
Smalbein hereby forever releases and discharges [Daytona Beach Defendants], and their past and present agents, servants, representatives, elected officials, attorneys, and their successors, legal representatives and assigns (all the aforementioned individuals and entities are hereinafter referred to as "Releasees"), from any and all claims, actions, causes of action, demands, rights damages, losses, loss of services, lost profit or income claim, punitive damage claim, and any other claim or loss whatsoever that Smalbein now has or which may hereafter accrue on account of or in anyway growing or arising out of (directly or indirectly) any claim against Releasees arising out of the arrest and detention of Paul Smalbein at anytime, or otherwise growing or arising out of any of the facts, circumstances, or allegations as set forth in any complaint filed in the United States District Court, Middle District of Florida, Orlando Division, Case Number 6:99-CV 1676-ORL-19DAB....
Moreover, Releasees agree that they will not pursue any sort of claim against Smal-bein, nor will they pursue any sort of claim against Smalbein for anything that has occurred before the signing of this release. Releasees hereby agree that they release and discharge Smalbein in the same manner that Smalbein has released and discharged Releasees as set forth above.
Mutual Complete Release of Claims, May 9, 2002, at 1, 3.

. The parties’ agreement states, in relevant part, that:
As a further consideration and inducement for this compromise settlement, Smalbein warrants that there are no outstanding physician, hospital, or other medical bills which were incurred as a result of the aforementioned incident, or if there are any such medical bills outstanding, that those medical bills will be paid, satisfied, and discharged from the settlement proceeds.
Mut. Complete Rel. of Claims at 3.

. The settlement agreement further provides that:
Smalbein further represents and warrants that the undersigned agree to indemnify, defend, and save harmless Releasees from any and all claims, judgments, demands, or expenses whatsoever which any physician, health care provider, hospital, governmental agency, Blue Cross/Blue Shield, insurance company, medicare, medicaid, HMO, or anyone else may hereafter bring or assert on account of any injury or damage resulting from the subject matter of the contentions and claims above mentioned.
Id. at 3.

. See supra note 9.

. The district court would be justified in denying an award of attorney’s fees only "where the plaintiffs success on a legal claim can be characterized as purely technical or de mini-mus.” Tex. State Teachers Assoc., 489 U.S. at 792, 109 S.Ct. 1486.

. The parties’ settlement agreement states:
The parties stipulate and agree that they will litigate whether Frederick C. Morello, P.A. and/or Smalbein are entitled to collect attorney fees and costs under the causes of action pled in the most recent complaint filed in the pending litigation (referenced above). The parties stipulate that the issue *908 of entitlement to attorney fees and costs will be submitted to the Federal Court to determine whether Frederick C. Morello, P.A. or Smalbein would be entitled to collect attorney fees and costs under the causes of action last pled in the lawsuit and the parties further stipulate to an evidentiary hearing on the causes of action last pled to determine their merit, or lack thereof, to determine the issues of Plaintiff’s entitlement to attorneys fees....
The parties hereby agree that this matter can be heard either by the District Court Judge, or alternatively the Federal Magistrate Judge.... The parties further agree that at the trial/evidentiary hearing regarding entitlement to attorney fees and costs, the parties can present evidence either through witness testimony or deposition testimony. A jury trial is waived by both sides, (emphasis added)
Mut. Complete Rel. of Claims at 1-2.

. As stated in the parties' settlement agreement:
This release, however, does not include any claim that Smalbein or Frederick C. Morel-lo, P.A. may have for attorney fees and costs .... If the Federal Court determines that Frederick C. Morellos, P.A. or Smalbein are entitled to collect attorney fees and costs, the Federal Court will also determine the amount unless the parties stipulate to an amount before the entitlement hearing. The Plaintiff has agreed to limit said attorney fees to no more than $80,000.00 for the trial court award if this settlement is approved and only the fee issues remain.
Mut. Complete Rel. of Claims at 1, 2.