[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

------------------------------------------------

No. 07-14854
Non-Argument Calendar

------------------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 18, 2008
THOMAS K. KAHN
CLERK

D.C. Docket No. 68-02709-CV-T-N

UNITED STATES OF AMERICA,

Plaintiff,

TIMOTHY D. POPE,

Invervenor-Plaintiff-Appellee,

JOHNNY REYNOLDS, et al.,

Intervenor-Plaintiffs,

versus

THOMAS G. FLOWERS, et al.,

Defendants,

STATE OF ALABAMA PERSONNEL DEPARTMENT,

Defendant-Appellant.

----------------------------------------------------------------

Appeal from the United States District Court
for the Middle District of Alabama

----------------------------------------------------------------

**(June 18, 2008)**

Before EDMONDSON, Chief Judge, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Defendants-Appellants, the Alabama State Personnel Board, other Alabama State Departments and named State employees (collectively the "State defendants"), appeal an award of attorney's fees to Intervenor-Appellee, Timothy D. Pope. No reversible error has been shown; we affirm.

In 1968, the United States brought an enforcement action against the State defendants alleging a pattern or practice of racial discrimination in employment. In 1970, the district court found the defendants liable and entered injunctive orders designed to remedy the illegal discriminatory practices. See United States v. Frazer, 317 F.Supp. 1079 (M.D. Ala. 1970) (the "Frazer litigation"). Those injunctive orders set out an extensive remedial framework to redress discrimination. Part of that framework became known as the Frazer No-bypass Rule: Alabama state officials were prohibited from bypassing a higher ranked African-American applicant in favor of a lower-ranked white applicant on a certificate of eligibles. The Frazer No-bypass Rule remained in effect for over thirty years without court review or reauthorization.

Timothy Pope is a white employee of the Alabama Department of Corrections. In September 2002, Pope was offered a promotion but that

2

promotion was rescinded as violative of the No-bypass Rule. Pope filed a race discrimination charge, received a right-to-sue letter, and is the plaintiff in a Title VII case pending in district court. In addition to his Title VII suit, Pope, on 25 February 2003, moved to intervene in the Frazer litigation; Pope asserted, among other things, that the No-bypass Rule was unconstitutional and must be modified or ended.

That the State defendants commenced a review of the continuing necessity of the No-bypass Rule in May 2002, well before Pope moved to intervene is undisputed. Those efforts included preparation of a detailed (and costly) statistical analysis of the racial composition and recent racial hiring patterns in the Alabama public workforce. On 11 February 2003, the State defendants began discussions with the United States about the results of the statistical analysis and proposed to file a joint motion to terminate the No-bypass Rule on the grounds that the problems addressed in the Frazer litigation had been remedied. Because discussions were in process, the State defendants and the United States sought additional time to respond to Pope's intervention motion. On 20 May 2003, the State defendants and the United States filed a joint motion to terminate the No-bypass Rule; on that same date, they each filed answers opposing Pope's motion to intervene on the ground that Pope's interests were adequately

represented by the existing parties. On 22 May 2003, a motion to intervene to support the continued efficacy of the No-bypass Rule was filed on behalf of African-American employees and applicants. On 20 January 2004, the district court granted both intervention motions under the permissive intervention provisions of Fed.R.Civ.P. 24(b).

On 20 May 2005, the district court granted a motion filed by Pope and supported by the State defendants and the United States to enjoin preliminarily the operation of the No-bypass Rule. At that time, the district court only suspended the Rule so that the African-American intervenors would have the opportunity to refute the district court's initial assessment that the No-bypass Rule no longer passed constitutional muster. On 30 June 2006, the district court permanently terminated the Rule. Pope sought attorney's fees and expenses totaling $105,317.82; the district court awarded $61,499.70.

The State defendants argue that the district court erred as a matter of law in concluding that Pope was a prevailing party vis-à-vis the State defendants;[1] according to the State defendants the interests of the State and Pope were aligned: both parties were successful in their efforts to terminate the No-bypass Rule. And

---

[1] In civil rights litigation, the district court may award the prevailing party, other than the United States, reasonable attorney's fees. 42 U.S.C. § 1988(b).

the State defendants maintain that even if Pope could be considered a prevailing party for fee award purposes, special circumstances make such an award manifestly unjust.

We review a district court's award of attorney's fees and costs for abuse of discretion, with underlying questions of law reviewed de novo and factual findings reviewed for clear error. See Smalbein ex rel. Estate of Smalbein v. City of Daytona Beach, 353 F.3d 901, 904 (11th Cir. 2003). The State defendants argue that as a matter of law no attorney's fees may be awarded; they offer no challenge to the district court's attorney's fee calculation.

A party in civil rights litigation is a prevailing party for fee-shifting purposes if success has been attained on "any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Hensley v. Eckerhart, 103 S.Ct. 1933, 1939 (1983) (quotation and citation omitted). Key to the determination of prevailing-party status is whether the party achieved "a resolution of the dispute which changes the legal relationship between itself and the defendant." Texas State Teachers Ass'n v. Garland Indep. Sch. Dist., 109 S.Ct. 1486, 1493 (1989). When Pope moved to intervene in the Frazer litigation, the No-bypass Rule was being applied to promotion decisions made by the State defendants and thus to Pope as an employee of the Department of Corrections. As

a consequence of litigation acts taken by Pope and the State defendants, the No-bypass Rule has been terminated judicially. There can be no doubt that there has been a "judicially sanctioned change in the legal relationship of the parties." Buckhannon Bd. & Care Home, Inc. v. West Virginia Dept. of Health & Human Resources, 121 S.Ct. 1835, 1840 (2001). Pope was a prevailing party.

The State defendants seek to engraft a requirement that the defendant must assume an adversarial posture as a precondition to finding prevailing-party status. But we see nothing in the language of section 1988 that, as a matter of law, conditions the district court's power to award fees on the defendant's assuming an opposing posture.[2] The district court found and concluded expressly that Pope made a separate contribution to the litigation, that Pope's belief that his presence in the litigation was necessary was a reasonable belief, and that Pope's contribution was a substantial force in the court's decision to suspend the No-bypass Rule.[3] Because Pope's efforts contributed to a change in the State

---

[2]The State defendants cite Reeves v. Harrell, 791 F.2d 1481 (11th Cir. 1986), for the position that fee applications are to be denied in civil rights litigation when the interests of the party seeking fees are aligned with the party against whom the fees are to be assessed. In Reeves, the defendants remained neutral on issues raised by plaintiffs in plaintiffs' efforts to defend a consent decree against third party attack. The attorney's fee applicant in Reeves sought no -- and achieved no -- change in the legal landscape.

[3]From the outset, Pope argued the unconstitutionality of the No-bypass Rule whereas the State defendants focused on statistical evidence to terminate the Rule. Pope's argument was of substantial import in suspending the Rule; Pope's argument was of more limited import in the final decision to terminate the Rule.

defendants' personnel practices, we see no error in the district court's determination that Pope was a prevailing party -- and a prevailing party vis-à-vis the State defendants -- for purposes of a fee award.

The State defendants argue that, even if Pope properly is considered a prevailing party, special circumstances render a fee award unjust. The State defendants argue correctly that a court may deny an award of attorney's fees to an otherwise prevailing party when special circumstances would render an award unjust. See Hensley v. Eckerhart, 103 S.Ct. 1933, 1937 (1983); Martin v. Heckler, 773 F.2d 1145, 1149 (11th Cir. 1985), abrogated on other grounds by Texas State Teachers Ass'n. v. Garland Indep. Sch. Dist., 109 S.Ct. 1486, 1489 (1989) ("it is accepted jurisprudence that federal statutes which permit an award of attorney's fees to prevailing parties in selected litigation are subject to a special circumstances provision"). The defendant bears the burden of establishing that special circumstances render a fee award unjust, Martin, 773 F.2d at 1150; and this judicially created exception to the statutory fee provision is to be narrowly construed. Id.

We see no abuse of discretion in the award of fees under the circumstances of this case. The special circumstances cited by the State defendants -- that the State defendants' efforts to terminate the No-bypass Rule predated Pope's

intervention, that the parties' interests were aligned, that Pope's contribution was largely redundant, that the State incurred considerable expense in compiling the statistical data upon which the district court relied in the final termination decision, that the State defendants were under legal compulsion to apply the No-bypass Rule until the district court ruled otherwise, and that Pope's intervention was "claim jumping" -- are either contrary to the district court's findings, or are already accounted for by the district court's deductions from the fee request, or otherwise fail to persuade us that the district court abused its discretion when it failed to apply the narrow special circumstances exception to the fee award statute.

**AFFIRMED.**