[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14593
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 18, 2010
JOHN LEY
CLERK

D. C. Docket No. 05-21098-CV-JEM

DISABILITY ADVOCATES AND
COUNSELING GROUP, INC.,
STEVEN BROTHER,

Plaintiffs-Appellees,

versus

E.M. KENDALL REALTY, INC.,
d.b.a. 10515-10535 SW 109th Court,
Miami, Florida,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 18, 2010)

Before CARNES, HULL and MARCUS, Circuit Judges.

PER CURIAM:

The defendant E.M. Kendall Realty, Inc. ("Kendall Realty") appeals the district court's final order enforcing the settlement agreement with the plaintiffs Disability Advocates and Counseling Group, Inc. and Steven Brother ("plaintiffs") and awarding the plaintiffs $13,574.33 in attorney's fees. After review, we affirm.

## I. 2006 Settlement Agreement

In April 2005, the plaintiffs filed an action against Kendall Realty, which owns and operates a shopping/business center in Miami, Florida. The complaint alleged, inter alia, violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., because the public areas of the shopping/business center were not accessible to people with disabilities. The plaintiffs sought injunctive relief and attorney's fees.

On July 23, 2006, the parties entered into a stipulated settlement agreement. Under the settlement agreement, Kendall Realty agreed to make certain alterations and improvements to the shopping/business center within one year. The settlement agreement provided: (1) that if Kendall Realty did not timely complete the alterations, the plaintiffs could request injunctive relief from the court to compel Kendall Realty's compliance; and (2) if the plaintiffs prevailed in enforcing the settlement agreement, Kendall Realty was required to pay the

2

plaintiffs' reasonable attorney's fees and costs incurred as a result. The parties filed a joint stipulation of dismissal notifying the district court of the settlement and attaching a copy of the settlement agreement. On August 10, 2006, the district court entered an order dismissing the action with prejudice, but "reserving jurisdiction to enforce the Stipulation for Settlement."

## II. 2008 Motion to Enforce Settlement Agreement

Kendall Realty did not complete all of the alterations and improvements within the agreed-upon one-year period. On January 15, 2008, the plaintiffs filed a motion to enforce the settlement agreement, which was referred to a magistrate judge. The plaintiffs' motion sought an order requiring Kendall Realty to comply with the settlement agreement and awarding damages from the breach of the settlement agreement and attorney's fees and costs incurred since July 23, 2006.

On February 19, 2008, the magistrate judge denied the plaintiffs' motion, but set a June 5, 2008 hearing, at which the parties disputed whether Kendall Realty had completed the remaining alterations. The magistrate judge directed the plaintiffs to file a renewed motion to enforce the settlement agreement outlining the alterations not yet made.

On June 20, 2008, the plaintiffs filed their renewed motion, which listed the remaining alterations stipulated to by the parties. At an August 4, 2008 hearing,

3

the parties agreed that Kendall Realty had made all the remaining alterations, leaving only the issue of plaintiffs' request for attorney's fees and costs. On October 27, 2008, the magistrate judge entered an order granting the plaintiffs' renewed motion to enforce the settlement agreement. The magistrate judge found that Kendall Realty did not complete all the alterations required by the settlement agreement until June 2008, almost one year after the one-year period elapsed. The magistrate judge awarded the plaintiffs $13,574.33 in attorney's fees and costs. Over Kendall Realty's objections, the district court affirmed and adopted the magistrate judge's order.

## III. Discussion

On appeal, Kendall Realty does not dispute the court's finding that it did not timely comply with the settlement agreement or the amount of attorney's fees and costs awarded to the plaintiffs. Instead, Kendall Realty argues that the district court should have dismissed the motion to enforce the settlement agreement for lack of subject matter jurisdiction.[1]

When a district court's dismissal order either incorporates the terms of the settlement agreement or expressly retains jurisdiction to enforce the settlement, the

---

[1]Whether a district court has subject matter jurisdiction is a question of law we review de novo. In re T2 Med., Inc., 130 F.3d 990, 994 (11th Cir. 1997).

agreement functions as a consent decree that the district court has jurisdiction to enforce. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 380-82, 114 S. Ct. 1673, 1676-77 (1994); Smalbein ex rel. Estate of Smalbein v. City of Daytona Beach, 353 F.3d 901, 905 (11th Cir. 2003); Am. Disability Ass'n, Inc. v. Chmielarz, 289 F.3d 1315, 1320-21 (11th Cir. 2002). Here, the district court's order dismissing the action with prejudice acknowledged the settlement agreement and retained jurisdiction to enforce it. Thus, the district court had jurisdiction to entertain the plaintiffs' motion to enforce the settlement agreement.

We recognize that Kendall Realty also argues that the plaintiffs lacked standing to bring the initial ADA complaint in the first place and that the district court should have dismissed the motion to enforce the settlement agreement on that basis. However, none of the standing cases Kendall Realty relies upon involved post-final-judgment proceedings in which the district court was effectively enforcing a written settlement contract agreed to by all private parties. Also, the sole issue here is attorney's fees provided for in a settlement agreement and not injunctive relief.[2]

**AFFIRMED.**

---

[2]We decline to address Kendall Realty's other arguments regarding the plaintiffs' compliance with local rules and frequent filing of lawsuits because they were not timely raised in the district court. See McGinnis v. Ingram Equip. Co., Inc., 918 F.2d 1491, 1495 (11th Cir. 1990) (explaining that "an appellate court will not consider issues not presented to the trial court").

5