[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10635
Non-Argument Calendar
_____

D.C. Docket No. 8:14-cv-01187-EAK-JSS

HOUSTON SPECIALTY INSURANCE COMPANY,

Plaintiff-Appellant,

versus

ENOCH VAUGHN,
individually, and as Parent and Natural Guardian
of M.V., a minor, et al.,

Defendant,

ALL FLORIDA WEATHERPROOFING & CONSTRUCTION, INC.,
RICHARD FULFORD,
ROBERT MENDENHALL,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 11, 2018)

Before ED CARNES, Chief Judge, MARTIN, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Houston Specialty Insurance Company appeals the district court's award of attorney's fees to the defendant insured parties. It contends that the court erred in awarding attorney's fees under Florida Statutes § 627.428 while its other case against the defendants involving the same insurance policy was pending. It also contends that the district court erred in awarding a contingency fee multiplier to one of the defendants, All Florida Weatherproofing & Construction.

## I.

Because this is a diversity case, we apply federal procedural law and state substantive law. Gasperini v. Ctr. For Humanities, Inc., 518 U.S. 415, 427, 116 S. Ct. 2211, 2219 (1996). Because § 627.428 is substantive law, All Underwriters v. Weisberg, 222 F.3d 1309, 1312 (11th Cir. 2000), we apply it. We review de novo a district court's interpretation of state law governing entitlement to attorney's fees. Smalbein v. City of Daytona Beach, 353 F.3d 901, 904 (11th Cir. 2003). If a statute authorizes a district court to award attorney's fees, we review its decision to do so only for an abuse of discretion. Id.

## II.

In May 2014 Houston Specialty filed a declaratory judgment action, which we refer to as the "coverage case," asserting that the defendants were not insureds

2

under a policy issued by Houston Specialty to All Florida.  In April 2015 Houston Specialty moved to amend its complaint to add allegations that after the accident giving rise to the insurance claim, the defendants forfeited any coverage that they might have had by breaching a cooperation provision in the policy.  The district court denied the motion.  And then, in February of 2017 the district court entered judgment in favor of the defendants in the coverage case.  We affirmed that judgment.  See Houston Specialty Ins. Co. v. Vaughn, No. 17-11038, 726 F. App'x 750 (11th Cir. Mar. 30, 2018) (unpublished).   So ended the merits of the coverage case.  In July of 2017 the district court awarded attorney's fees to the defendants in the coverage case, and it is that award that is before us in this appeal.

While the coverage case was going on, however, Houston Specialty filed in September of 2015 a separate declaratory judgment action against the same defendants raising the forfeiture issue, which we will of course refer to as the "forfeiture case."  In September of 2017 the district court entered judgment against Houston Specialty in the forfeiture case.  Houston Specialty's appeal from that judgment is now pending before another panel of this Court.  See Houston Specialty Ins. Co. v. Vaughn, No. 17-14526.

### III.

Houston Specialty contends that the district court erred in awarding attorney's fees in the coverage case while the forfeiture case was still pending.  It

3

argues that because a win for it in the forfeiture case would eliminate recovery for the defendants, neither party is entitled to attorney's fees under § 627.428(1) until the forfeiture case is finally resolved.  But Florida Statutes § 627.428(1) provides that:

> Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court . . . shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.

Fla. Stat. § 627.428(1).  As the Florida Supreme Court has explained, "[i]f the dispute is within the scope of section 627.428 and the insurer loses, the insurer is always obligated for attorney's fees."  Ins. Co. of N. Am. v. Lexow, 602 So. 2d 528, 531 (Fla. 1992).

In Stack an insurance company raised an argument similar to the one Houston Specialty presses here.  State Farm Mut. Auto. Ins. Co. v. Stack, 543 So. 2d 782, 784 (Fla. 3d DCA 1989).  The trial court had awarded attorney's fees under § 627.428(1) to the insureds after ruling that the insureds were covered under the insurance policy, even though the parties had not yet undergone court-ordered arbitration "to determine whether [the insureds] were entitled to recover" under the policy.  Id. at 783.  The insurance company appealed the trial court's award of attorney's fees asserting that because "the question of whether the

4

[insureds] will actually achieve a money recovery is dependent on [their] success in the separate arbitration proceeding now ordered by the trial court . . . , they have not won a 'judgment or decree' in their favor under [§] 627.428." Id. at 783–84. The Florida appellate court "thoroughly disagree[d]," explaining that:

> The instant action began with a complaint brought by the [insureds] for a declaratory judgment that their policy provided . . . coverage; it ended with our declaration that just that was the case. It is well settled that a determination of coverage in favor of the insured which, as here, finally disposes of a discrete piece of litigation which is concerned with that issue qualifies for fees under the statute.

Id. at 784.

Here the coverage case began with Houston Specialty's complaint seeking a declaratory judgment that the insurance policy did not provide coverage to the defendants. It ended with a determination, affirmed on appeal, that the policy did provide coverage to the defendants. So Houston Specialty lost that case. Because the coverage case "dispose[d] of a discrete piece of litigation" concerning coverage under the insurance policy, the district court in this case decided that the determination of coverage in favor of the defendants qualified for fees under § 627.428(1).[1] See Stack, 543 So. 2d at 784. That Houston Specialty could prevail

---

[1] Houston Specialty argues that Stack is off point because in that case the court noted that the arbitration issue did not involve coverage, see 543 So. 2d at 784, while the forfeiture case, according to Houston Specialty, does involve coverage. But in Stack the court explained that although "the insureds were covered by their [insurance] policy," they would not be entitled to a money recovery if the insurance company prevailed in the arbitration. See id. at 783. Nonetheless, the court affirmed the award of attorney's fees in that coverage case, explaining that the separate arbitration proceeding to determine liability did "not mitigate from the

5

in its appeal of the forfeiture case matters not. Section 627.428(1) awards attorney's fees to compensate the attorney for "prosecuting the suit," so even if Houston Specialty ultimately wins in the forfeiture case, it would not negate the defendants' attorney's entitlement to fees for prosecuting and prevailing in the coverage case. Because the district court rendered "a judgment . . . against an insurer and in favor of any named or omnibus insured . . . under a policy or contract executed by the insurer," the district court did not err in awarding attorney's fees to the defendants under § 627.428(1). Fla. Stat. § 627.428(1).

## IV.

Houston Specialty also contends that the district court abused its discretion in awarding a contingency fee multiplier to All Florida. Florida courts consider three factors in determining the necessity of a contingency fee multiplier:

> (1) whether the relevant market requires a contingency fee multiplier to obtain competent counsel; (2) whether the attorney was able to mitigate the risk of nonpayment in any way; and (3) whether any of the factors in Rowe are applicable, especially, the amount involved, the results obtained, and the type of fee arrangement between the attorney and his client.

---

plaintiffs' success in the present case." Id. at 783–84. The same is true here; if Houston Specialty prevails in the forfeiture case, the defendants would not be entitled to a monetary recovery, but they are still entitled to attorney's fees for the judgment in their favor in the coverage case. The possibility that Houston Specialty could succeed on appeal in the forfeiture case "does not mitigate from the [defendants'] success in the present case." See id.

Joyce v. Federated Nat'l Ins. Co., 228 So. 3d 1122, 1128 (Fla. 2017) (quotation marks omitted).[2]  Houston Specialty takes issue with the district court's analysis of the first factor, arguing that the court erred by examining All Florida's "actual experience" instead of the "relevant market itself."

All Florida presented evidence that several firms in the Tampa area were unwilling to represent it on a fully contingent basis (which was necessary due to All Florida's poor financial condition) because of the complexity of the coverage case and the unlikelihood of All Florida's success in it.  And at the evidentiary hearing on attorney's fees, the owner of All Florida confirmed that the company could not afford to pay an attorney on an hourly basis to represent it in the declaratory judgment action.  All Florida's attorney testified that although his firm initially declined to take the case, it later agreed to take the case on a fully

---

[2] In Rowe the Florida Supreme Court set out several factors for courts to consider in determining reasonable attorney's fees:

> (1) The time and labor required, the novelty and difficulty of the question involved, and the skill requisite to perform the legal service properly.
> (2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.
> (3) The fee customarily charged in the locality for similar legal services.
> (4) The amount involved and the results obtained.
> (5) The time limitations imposed by the client or by the circumstances.
> (6) The nature and length of the professional relationship with the client.
> (7) The experience, reputation, and ability of the lawyer or lawyers performing the services.
> (8) Whether the fee is fixed or contingent.

Joyce, 228 So. 3d at 1126 (citing Fla. Patient's Comp. Fund v. Rowe, 472 So. 2d 1145, 1150 & n.5 (Fla. 1985)).

contingent basis.  He testified that:  "I would not have taken the case but for the possibility of a multiplier."[3]

All Florida's fee expert also testified at the hearing that, based on his review of the complaint and Houston Specialty's other filings, the coverage case "was a very complex case requiring a mastery of the worker's compensation law," and All Florida's likelihood of success in the case was "minimal" — "10 percent."  He stated that the coverage case would require a "significant amount of time and labor" and that All Florida could not afford to pay an attorney an hourly rate to offset the risk of representing it.  And he testified that there were few law firms in the Tampa area that had the "appropriate trial experience and legal expertise," adequate support personnel, and the time and financial resources to handle the case.  See id. at 1135 (stating that the relevant market factor "is intended to assess, not just whether there are attorneys in any given area, but specifically whether there are attorneys in the relevant market who both have the skills to handle the case effectively and who would have taken the case absent the availability of a contingency fee multiplier").  Indeed, he testified that he knew of no firm in the area besides the one representing the defendants that likely would have taken the case; the only firm he thought might take the case had already declined it.  As a

_____

[3] Of course, that expectation of a contingency fee multiplier does not entitle him to one. But his testimony does support the other evidence in the record indicating that All Florida may not have been able to obtain representation without at least the possibility of a contingency fee multiplier.

8

result, All Florida's expert opined that the relevant market required a contingency fee multiplier to obtain competent counsel:  "I don't believe any firm who took on this case would do it without the likelihood of a multiplier because of the odds so unfavorably against them at the outset."

In analyzing the relevant market factor, the district court noted the factual and legal complexity of the coverage case, All Florida's inability to afford counsel under a traditional fee agreement, and the refusal of several firms in the Tampa area to take the case on a purely contingent basis.  The district court specified that it had considered the testimony of All Florida's expert and attorney, and based on their testimony and the other evidence presented at the evidentiary hearing, the court awarded All Florida a contingency fee multiplier.  Because the court considered the evidence about "whether there are attorneys in the relevant market who both have the skills to handle the case effectively and who would have taken the case absent the availability of a contingency fee multiplier," id., it did not abuse its discretion in its application of Florida law to award the contingency fee multiplier.[4]

**AFFIRMED.**

---

[4] We realize that if this issue were governed by federal law, a contingency fee multiplier would have been forbidden.  Perdue v. Kenny A. ex rel. Winn, 599 U.S. 542, 552–56, 130 S. Ct. 1662, 1672–75 (2010); City of Burlington v. Dague, 505 U.S. 557, 566–67, 112 S. Ct. 2638, 2643–44 (1992).  But it isn't; Florida law governs.